UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIO T. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:16-CV-407 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Mario T. Jones, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 15-07-156) that was held at the Indiana State Prison on July 24, 2015, where the Disciplinary Hearing Officer (DHO) found him guilty of Assault/Battery in violation of B-212. As a result, he lost 90 days earned credit time and was demoted to credit class 2. In his petition, Jones raises three grounds.

In Ground One, Jones argues that he was denied due process because the wrong prison employee signed to approved the disciplinary sanctions imposed on him. Though that may have violated a prison policy, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Federal law does not prescribe who must approve disciplinary sanctions in a State prison, therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Jones argues that his visitation was restricted as a result of this disciplinary proceeding. Jones argues that prison rules do not permit the loss of visitation to be imposed as a

result of a disciplinary hearing. Again, the violation of a prison rule is not a basis for habeas corpus relief. Moreover, "[t]he denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (quotation marks and citation omitted). Because Jones had no right to due process before his visitation was restricted, doing so after he was afforded a hearing is not a basis for habeas corpus relief.

In Ground Three, Jones argues that there was not good cause for ordering him to pay restitution. He does not dispute the amount of the restitution, he merely argues that he should not have been ordered to pay it. However, habeas corpus relief is not available for restitution because "[s]ection 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998). *See also Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and disciplinary sanctions, such as placement in disciplinary segregation, that do not affect the duration of his sentence). Moreover, Jones plead guilty to assaulting another offender who was found on the floor bleeding from the head. Thus, to the extent that he is arguing that there was insufficient evidence against him, the court "need look no further than one key piece of evidence: [his] confession." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). Therefore Ground Three is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Habeas Corpus Rule 4. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: July 11, 2016

                                                            /s/ JON E. DEGUILIO
Judge
United States District Court